IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DAVID JOSEPH BILLS,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR CREDIT FOR TIME SERVED WITHOUT PREJUDICE TO ITS REFILING AS A § 2241 PETITION<br><br><br>Case No. 2:07-CR-168 TS |

Defendant is serving an 18-month federal sentence. By his letter Motion for Credit for Time Served, Defendant challenges the manner in which the Bureau of Prisons has calculated his credit for prior time served.

The Court has considered Defendant's Motion and finds that it should have been filed as a Petition under 28 U.S.C. § 2241, because it primarily alleges violations of due process in the execution of the court-imposed sentence—specifically the Bureau of

1

Prison's calculation of his credit for time served.[1]  Section 2241(a) provides that a "[w]rit[] of habeas corpus may be granted by [one of the federal courts] within their respective jurisdictions."  Defendant is confined in Texas.  The Tenth Circuit has clarified that "a petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and *must be filed in the district where the prisoner is confined*."[2]  The statute further provides that, if a petition is brought outside of the jurisdiction "wherein the restraint complained of is had," the Court "may transfer the application for hearing and determination to the district court having jurisdiction to entertain it."[3]  In this case, Defendant has filed his request by Motion, rather than by a Petition addressed to the district court in the jurisdiction where he is confined.  Because it was filed as a Motion rather than a Petition, Defendant has not paid the nominal filing fee necessary to file such a Petition, nor has he moved to proceed with a § 2241 petition in forma pauperis, and, therefore, there is no Petition to transfer.  The letter Motion will be dismissed without prejudice so that Defendant can refile in the district where he is confined.  In addition, Defendant is reminded that before refiling he should "exhaust his administrative remedies with the BOP, if he has not already done so."[4]  Accordingly, it is

---

[1] *United States v. Storrm*, 281 Fed. Appx. 830, 832 (10th Cir. June 16, 2008) (holding that petition filed in wrong district should be dismissed without prejudice so that it can be re-filed in the correct district).

[2] *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (emphasis added).

[3] 28 U.S.C.§ 2241(b).

[4] *Storm*, 281 Fed. Appx. 832 n.1.

2

ORDERED that Defendant's letter Motion for Credit for Time Served (Docket No. 74) is DENIED WITHOUT PREJUDICE to its refiling as a Petition under 28 U.S.C. § 2241 in the federal district court in the district where he is currently confined.

DATED May 11th, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge